GEO. S. BUSH & Co., INC. v. UNITED STATES

**No. 5059.**—Invoices dated Shanghai, China, December 29, 1936, etc.
Entered at Seattle, Wash., March 17, 1937, etc.
Entry No. 4356, etc.

(Decided December 4, 1940)

*John P. Hausman* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

EVANS, Judge: The appeals to reappraisment listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation by counsel for the parties hereto.

It is hereby stipulated and agreed by and between counsel for plantiff and the Assistant Attorney General, attorney for the United States, as to the merchandise covered by these appeals and represented on the invoices by the items marked "A" and checked by examiner Carlisle King   C. K.:

<u>(name and initials of examiner)</u>

(a) That the issue involved in the above-mentioned reappraisement appeals is the same in all material respects as the issue involved in the case of US v. Alfred Kohlberg, Inc., customs appeal no. 4245, decided January 4, 1940 CAD 88.

(b) That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale, to all purchasers in the principal markets of China, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

(c) That the proper basis of appraisal of the merchandise herein is the export value.

On the agreed facts I find, as to the merchandise covered by these appeals and represented on the invoices by the items marked A and checked by examiner C. K., the export value as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values thereof, less the amount added under duress.   Judgment will be rendered accordingly.